09-0117-cv (L)
In re Eugenia VI Venture Holdings, Ltd.

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of March, two thousand ten.

PRESENT:  BARRINGTON D. PARKER,
          PETER W. HALL,
          GERARD E. LYNCH,
                    *Circuit Judges.*

------------------------------------------------------------

*Eugenia VI Venture Holdings, Ltd.*,

                    *Plaintiff-Appellant*,

          v.                                    No. 09-0117-cv(L),
                                                09-0123-cv (CON),
                                                09-0128-cv (CON),
                                                09-0129-cv (CON),
                                                09-0130-cv (CON),
                                                09-0132-cv (CON)

*Robert V. Glaser, Burton C. Glosson, Glen Dell, Ron Augustin, Maplewood Partners, LP, AMC Investors, LLC*,

                    *Defendants-Appellees*,

*Narinder Chabra, Surinder S. Chabra, Parvinder Chabra*,

                    *Defendants-Third Party-Plaintiffs-Counter-
                    Claimant Appellees*,

*AMC Computer Corp.*,

                    *Defendant-Cross-Defendant-Appellee*,

*AMC Investors II, LLC, Maplewood Holdings LLC, Maplewood Management, LP, Robert J. Reale*,

                    *Third Party-Defendants-Appellees*.

------------------------------------------------------------

For Appellant:                   MITCHELL A. KARLAN, (Richie Falek, Megan Burns, Anne Champion, Kristen Lisk, *on the brief*) Gibson, Dunn & Crutcher LLP, New York, New York.

For Appellees:                  TERENCE F. GILHEANY, (Brian T. McGovern, *on the brief*) Cadwalader, Wickersham & Taft LLP, New York, New York; Brian P. Miller, Samuel S. Heywood, Akerman Senterfitt, Miami, Florida; Constantine D. Pourakis, Stevens & Lee, P.C., New York, New York; Thomas A. Martin, Putney, Twombly, Hall & Hirson LLP, New York, New York; Douglas E. Motzenbecker, Podvey Meanor Catenacci, Hildner Cocoziello & Chattman, Newark, New Jersey.

Appeal from final judgment in six coordinated actions, entered on December 15, 2008, by the United States District Court for the Southern District of New York (Batts, *J.*), granting defendants-appellees' joint motion for summary judgment on all claims as to all defendants-appellees. **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

We assume the parties' familiarity with the underlying facts and the procedural history of this case, as well as with the issues raised on appeal. Briefly, all claims arise from an Amended and Restated Credit Agreement (the "Credit Agreement" or "Agreement") between plaintiff-appellant lender ("Eugenia") and defendant-cross-defendant-appellee borrower AMC Computer Corp. ("AMC") dated January 30, 2003.

We review *de novo* the district court's decision to grant summary judgement and, in the course of that review, we draw all permissible factual inferences in favor of the non-moving party. *See, e.g.*, *Aulicino v. New York City Dep't of Homeless Servs.*, 580 F.3d 73, 79-80 (2d Cir. 2009). We will affirm a summary judgment award only where such review reveals "no genuine issue as to any material fact" and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

We agree with the district court's conclusion that Eugenia's derivative claims for breach of fiduciary duty and aiding and abetting breach of fiduciary duty fail as a matter of law because Eugenia failed to raise a genuine issue of material fact as to damages. To prove breach of fiduciary duty under New York law, a plaintiff must demonstrate: "breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages."[1] *SCS Commc'ns, Inc., v. Herrick Co.*, 360 F.3d 329, 342 (2d Cir. 2004). For purposes of our analysis here, defendants-appellees' principal assertion below was that Eugenia could not prove causation and damages.[2] Eugenia failed to adduce sufficient evidence to raise a genuine issue of material fact as to damages despite arguing that defendants-appellees caused the destruction of AMC and "rendered the company incapable of paying its debts, and substantially increased those debts." That is, at the time the parties entered the Credit Agreement, AMC was already insolvent. As a result, Eugenia cannot demonstrate that thereafter defendants-appellees' mismanagement rendered the corporation insolvent. Eugenia's derivative fiduciary claims thus fail.

We also agree with the district court that Eugenia's claims for fraudulent inducement, fraud, and aiding and abetting fraud fail as a matter of law because Eugenia suffered no out-of-pocket loss. *See Crigger v. Fahnestock & Co.*, 443 F.3d 230, 234 (2d Cir. 2006); *Lama Holding Co. v. Smith Barney Inc.*, 88 N.Y.2d 413, 421 (1996).

---

[1] The district court did not make a finding as to whether defendant-appellee Glaser owed AMC a fiduciary duty. We need not reach this issue as we conclude that Eugenia has not shown that it suffered damages as a result of defendant-appellees' alleged breach of fiduciary duty.

[2] Defendant-appellees also challenged Eugenia's standing to bring derivative claims on behalf of AMC. We concur with the district court's conclusion that this claim is without merit.

For the reasons stated above, the judgment of the district court dismissing Eugenia's claims is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk